**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**METROPOLITAN LIFE INSURANCE COMPANY,**

 **Plaintiff,**

v.                Case No.  8:07-cv-2002-T-30MSS

**CARLENE ERICKSON, et al.,**

 **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Claims filed by Danna L. Wenzel and Lonnie Rae Nelson to the life insurance benefits payable under the NCR Corporation Group Benefit Plan for Active Employees (the "Plan") arising as a result of the death of Roland Erickson.  This interpleader action was initiated by Metropolitan Life Insurance Company ("MetLife") because it was unable to determine the proper beneficiary or beneficiaries of the Plan benefits.  The Court has previously granted MetLife's request for interpleader of said benefits, which have been deposited into the Court registry.  Having given all potential beneficiaries ample opportunity to make a claim to the benefits, the Court will now determine the appropriate recipient(s) of the funds.

On or about May 30, 1982, Roland Erickson completed a beneficiary designation form identifying Ina G. Erickson, his wife at the time, as the sole primary beneficiary of the life insurance benefit to be paid under the Plan.  Roland Erickson's children, Ronald Erickson,

Danna Wenzel and Lonnie Rae Nelson, were designated as coequal contingent beneficiaries of the life insurance benefits. Below this designation, Roland Erickson wrote "same as above" in a section requesting identification of the beneficiaries to any accidental death and dismemberment ("AD&D") benefits.

According to MetLife, Ina G. Erickson died on or about March 10, 1993. On or about May 24, 1996, Roland Erickson altered the May 30, 1982 designation form by crossing out the words "same as above" in the AD&D designation section. In the same AD&D designation section, Roland Erickson identified his new wife, Carlene Erickson, as the sole primary beneficiary. Roland Erickson identified his son, Ronald Erickson, as a contingent beneficiary to receive one-half of the benefits. The other half of the contingent benefit was to be split between his daughters, Danna Wenzel and Lonnie Rae Nelson, in equal one-quarter shares.

It is important to note that the life insurance beneficiary section of the designation form remained unchanged. In other words, this section of the form still identified Ina G. Erickson as the primary beneficiary and Roland Erickson's children as contingent beneficiaries. Roland Erickson only made changes to the AD&D section. No additional changes or designations were included in MetLife's file.

Roland Erickson died on or about December 11, 2002. At the time of his death, he had only basic term life insurance coverage in the amount of $11,800.00, and was not carrying AD&D coverage with MetLife. On or about December 29, 2003, Carlene Erickson submitted a claim for the Plan benefits. On or about February 26, 2007, Danna Wenzel

submitted a claim form for the Plan benefits. As MetLife was unable to determine the appropriate beneficiaries and/or the effect of the May 1996 Alteration, it filed the instant action.

MetLife has already been dismissed from this action. All potential beneficiaries have been given an opportunity to make a claim to the Plan benefits. Only Danna Wenzel and Lonnie Rae Nelson have responded. Both have indicated that Roland Erickson wanted his trust and insurance policies to be a four way equal split between his new wife and children. Both have also indicated that Roland's son Ronald is now deceased.

Apparently, Carlene Erickson would not agree to this arrangement. The Court has held a telephone hearing on this matter and encouraged the parties to settle the matter among themselves. As the parties have been unable to do so, the Court must turn to the documents in the record to determine the appropriate beneficiaries.

The evidence before the Court of Roland Erickson's intent, other than the hearsay statements of Danna Wenzel and Lonnie Rae Nelson, includes: (i) the original beneficiary designation form and the May 1996 Alteration, and (ii) the October 30, 1991 Revocable Trust of Roland V. Erickson and the January 31, 1994 Amended Revocable Trust of Roland V. Erickson (together, the "Roland Erickson Revocable Trust"). Pursuant to the Roland Erickson Revocable Trust, all remaining principal and undistributed income that remained in the trust after his death (and after incidental trust expenses were paid) were to be distributed to Carlene Erickson and his children in four equal shares. This was to include any

life insurance policies payable to the Trustee of the Trust. Any such insurance proceeds and property were to constitute the trust estate.

There is, however, no evidence in the record that the Plan benefits were ever made payable to the Trustee of the Roland Erickson Revocable Trust. Thus, the language in the Trust Documents does not control the distribution of the Plan benefits. This leaves the Court with only the original designation form and the May 1996 Alteration.

The May 1996 Alteration on its face designates Ina G. Erickson, if living, as the sole beneficiary of the life insurance benefit. Her name was never crossed out or removed from this section. Roland Erickson's children are clearly listed as contingent beneficiaries, each to receive equal shares of the benefit in the event Ina Erickson predeceased Roland Erickson. The designation form contains the following disclaimer:

> If you wish, you may, at a future date, change the above beneficiaries in accordance with the policy provisions. Unless you state otherwise, the death benefit will be paid in equal shares to your surviving beneficiaries, if you have chosen more than one. If none of the beneficiaries is alive, payment will be made under the policy provisions.

See Dkt. 1-3, Page 2.

Ina Erickson predeceased Roland Erickson. There is no evidence in the record that Roland Erickson made any further attempt to change his beneficiary designation. Thus, pursuant to a plain reading of the language on the face of the designation form, and in the absence of any evidence to the contrary, the Court concludes the life insurance proceeds should be paid to Roland Erickson's three children in equal shares. Accordingly, Carlene Erickson is not entitled to any portion of the Plan benefits.

In her Claim, Danna Wenzel indicates that Ronald Erickson died on July 1, 2007. No party has disputed this fact. Thus, Ronald Erickson's share shall be distributed to his estate. The Court notes that both Lonnie Rae Nelson and Danna Wenzel have argued for an equal four-way split of the proceeds that would include Carlene Erickson. If the parties wish to share their distribution with Carlene Erickson, they may do so voluntarily.

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk is directed to disburse the life insurance proceeds deposited into the Court registry by MetLife, plus interest accrued thereon, in three equal shares to: (i) Lonnie R. Nelson, (ii) Danna L. Wenzel, and (iii) Ronald Cavallo as Personal Representative for the Estate of Ronald Lee Erickson.

2. All pending motions, if any, are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 19, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-2002.allocation.frm